1  SCOTT N. CAMERON (SBN 226605)
   Attorney at Law
2  1007 7th Street, Suite 319
   Sacramento, CA 95814
3  Ph. 916-442-5230

4
   Attorney for:
5  DERRICK DAVIS

6

7

8              IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          CASE NO.  2:13-CR-00052 TLN

12 |                 Plaintiff,          **STIPULATION REGARDING
                                         EXCLUDABLE TIME PERIODS
13 | v.                                  UNDER SPEEDY TRIAL ACT;
                                         FINDINGS AND ORDER**
14 | GILBERT ARREAZOLA and
   | DERRICK DAVIS,
15 |
   |                 Defendants,
16

17
                          **STIPULATION**
18
        Plaintiff United States of America, by and through its counsel of record, defendant
19
   DERRICK DAVIS, by and through his counsel of record, Scott N. Cameron, and GILBERT
20
   ARREAZOLA, by and through his counsel of record, Michael Bigelow, hereby stipulate as follows:
21
        1.   By previous order, this matter was set for status on March 20, 2014, at 9:30 a.m.
22
        2.   By this stipulation, defendants now move to continue the status conference to May 8,
23
24 2014, at 9:30 a.m., and to exclude time between March 20, 2014, and May 8, 2014, under Local

25 Code T4.  Plaintiff does not oppose this request.

26
        3.   The parties agree and stipulate, and request that the Court find the following:
27
        a.   The government has produced discovery to the defense in this case which consists of
28
                                     1

292 pages of written or photographic material and 9 compact disks of recorded audio materials.

   b.   Respective counsel for each defendant desires additional time to review the document and audio file discovery, consult with their client regarding the discovery, conduct investigation, and to discuss potential resolution with their client and the government.

   c.   Counsel for each defendant believes that failure to grant the above-requested continuance would deny defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d.   The government does not object to the continuance.

   e.   Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   f.   For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 20, to May 8, 2014, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

/ / /

/ / /

/ / /

/ / /                              (This Space Intentionally Left Blank)

/ / /

/ / /

/ / /

2

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED:      March 18, 2014

           /s/ Jason Hitt
           JASON HITT
           Assistant United States Attorney

DATED:      March 18, 2014

           /s/ Scott Cameron
           SCOTT N. CAMERON
           Counsel for DERRICK DAVIS

DATED:      March 18, 2014

           /s/ Michael Bigelow
           MICHAEL BIGELOW
           Counsel for GILBERT ARREAZOLA

**O R D E R**

IT IS SO FOUND AND ORDERED this 18th day of March, 2014.

_____
Troy L. Nunley
United States District Judge

3